UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JARQUEL JENKINS,

    Petitioner,

v.                                                                       Case No.:  2:22-cv-71-SPC-KCD
                                                                     Case No.:  2:19-cr-81-SPC-KCD

UNITED STATES OF AMERICA,

    Defendant.

_____/

# **OPINION AND ORDER**[1]

Before the Court is Jarquel Jenkins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).[2]

## **Background**

The Lee County Sheriff's Office orchestrated three separate controlled buys of cocaine and heroin from Jenkins in January and February of 2019. Shortly after the third controlled buy, detectives approached the Mercedes SUV where the sale occurred, and they saw Jenkins flee the vehicle. The

---

[1] Disclaimer: Papers hyperlinked to CM/Cr-Doc. may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.
[2] The Court cites to documents from Case No. 2:22-cv-81-SPC-KCD as "Doc. _" and documents from Case No. 2:19-cr-71-SPC-KCD as "Cr-Doc. _."

detectives obtained a search warrant for the SUV and found heroin, cocaine, methamphetamine, and a loaded pistol that was manufactured outside the state. (Cr-Doc. 37).

On May 8, 2019, a grand jury charged Jenkins with three counts of Distribution of a Controlled Substance (Counts 1 – 3), Possession with Intent to Distribute Controlled Substances (Count 4), and Possession of a Firearm and Ammunition by a Convicted Felon (Count 5). (Cr-Doc. 1). Jenkins pled guilty to all five counts, (Cr-Doc. 42), and was sentenced to 235 months of imprisonment, followed by three years of supervised release, (Cr-Doc. 55). The Eleventh Circuit Court of Appeals affirmed. *United States v. Jenkins*, 844 F. App'x 276 (11th Cir. 2021). Jenkins then filed the § 2255 motion currently before the Court. (Doc. 1).

## EVIDENTIARY HEARING

A court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "If the petitioner alleges facts, that if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quoting *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002)). A petitioner need only allege, not prove, facts that would entitle him to relief. *Id.* However, the alleged facts must be reasonably specific

2

and non-conclusory. *Aron*, 291 F.3d at 715 n.6; *see also Allen v. Sec'y, Fla. Dep't or Corr.*, 611 F.3d 740, 745 (11th Cir. 2010), *cert denied*, 563 U.S. 976 (2011). Further, if the allegations are "affirmatively contradicted by the record" and "patently frivolous," the court need not hold an evidentiary hearing. *Id.*

Jenkins does not request an evidentiary hearing. (*See generally* Doc. 1). But the Court recognizes its obligation under 28 U.S.C. § 2255(b) and independently finds an evidentiary hearing is not warranted.

## LEGAL STANDARDS

### A. 28 U.S.C. § 2255

A prisoner in federal custody may move for his sentence to be vacated, set aside, or corrected on four grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was over the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion "may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (stating § 2255 relief is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice" (internal quotations omitted)). The petitioner bears the burden of proof on a § 2255

motion. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (citation omitted).

### B. Effect of a Guilty Plea

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). Thus, when a § 2255 motion collaterally challenges a conviction obtained through a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Alternatively, "[a] guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770 (1970)).

### C. Procedural Default

Generally, a § 2255 petitioner may not raise a ground in a habeas proceeding if he failed to raise it on direct appeal. *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013). This procedural default rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). But there are two exceptions: "(1) cause and actual prejudice, and (2) actual innocence." *Fordham*, 706 F.3d at 1349.

4

The first exception requires the petitioner to "show both (1) 'cause' excusing his…procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). "Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quoting *Ward v. Hall*, 592 F.3d 1144, 1179 (11th Cir. 2010).

The second exception is narrow. "To establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court has noted "that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. 614.

**D. Ineffective Assistance of Counsel**

Criminal defendants have a Sixth Amendment right to reasonably effective assistance of counsel. In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief under the Sixth Amendment. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id.* Failure to show either *Strickland*

5

prong is fatal.  See *Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010) ("a court need not address both *Strickland* prongs if the petitioner fails to establish either of them").

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689).  The second prong requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 1355 (quoting *Strickand*, 466 U.S. at 694).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome, which is a lesser showing than a preponderance of the evidence." *Id.* (cleaned up).  "At the same time, 'it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding' because 'virtually every act or omission of counsel would meet that test.'" *Id.* (quoting *Strickland*, 466 U.S. at 693).

## DISCUSSION

Jenkins asserts three grounds for § 2255 relief: (1) Counts 3 and 4 violated the Double Jeopardy Clause of the Fifth Amendment because they arose from the same criminal episode, (2) the Court lacked jurisdiction because Jenkins did not affect interstate and foreign commerce, and (3) Jenkins

attorneys were constitutionally ineffective because they did not raise the two preceding issues. Jenkins did not raise his first two grounds before sentencing or on appeal. He argues he should not be procedurally barred from raising these grounds now because his trial counsel, Allen Kaufman, and his appellate counsel, Rachael Reese, refused to argue them. So although the grounds are unexhausted, the Court has considered their merits in order to determine whether counsel's refusal to argue them prejudiced Jenkins.

### A. Double Jeopardy

Jenkins argues Grounds 3 and 4 violated the Double Jeopardy Clause of the Fifth Amendment because they arose from the same criminal episode. "The Double Jeopardy Clause protects against multiple punishments for the same offense." *United States v. Gonzalez,* 834 F.3d 1206, 1219 (11th Cir. 2016) (internal quotations and citation omitted). One application of the Double Jeopardy Clause is to forbid multiplicitous indictments—an indictment is multiplicitous if it charges a single offense in multiple counts. *Id.*

The Eleventh Circuit summarized the applicable law as follows:

> Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature intended that each violation be a separate offense. If the legislative intent is unclear, we apply the "same elements" test set forth in *Blockburger*...We have recognized that the *Blockburger* test is one of statutory interpretation in which we examine the elements of each offense to determine whether Congress intended to authorize cumulative punishments. Under that test, two offenses are different for double jeopardy purposes if each requires

> proof of an additional fact which the other does not. In other words, if an offense requires proof of an element that the other offense does not, we need look no further in determining that the prosecution of both offenses does not offend the Fifth Amendment.

*United States v. Davis,* 854 F.3d 1276, 1286 (11th Cir. 2017) (internal quotations and citations omitted). When applying the *Blockburger* test, courts focus on the statutory elements of each offense, not the evidence actually presented at trial. *Gonzalez,* 834 F.3d at 1219.

Jenkins' Double Jeopardy ground is frivolous and procedurally barred. His claim that Counts 3 and 4 punished the same conduct is false. Count 3 arose from his sale of cocaine in the third controlled buy, while Count 4 arose from the cocaine, heroin, and methamphetamine found in his vehicle. Kaufman's and Reece's refusals to raise this frivolous argument did not render their performances deficient, and Jenkins suffered no prejudice.

**B. Interstate Commerce**

In Count 5, Jenkins was charged of knowingly possessing a firearm and ammunition "in and affecting interstate commerce[.]" (Cr-Doc. 32 at 4). Jenkins is not attacking that element. He does not contest that the gun and ammunition were manufactured outside the State of Florida. Rather, in his second ground, Jenkins challenges the authority of a federal court to punish crimes that occur in the territory of a state. He argues, "few if any criminal statutes classified in the United States Code are applicable to or within the

8

several states except in federal enclaves such as military installations and national parks." (Doc. 1-2 at 5)

There is no question that federal district courts have authority to hear federal criminal cases: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges 'an offense against the United States' and, thereby, invokes the district court's subject-matter jurisdiction." *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014). And the authority granted in § 3231 is not limited to crimes that occur on federal property. *Cantrell v. Reno*, 36 F. App'x 651, 652 (1st Cir. 2002); *United States v. Branch*, 980 F.2d 1445 (5th Cir. 1992); *McClurkin v. United States*, 922 F.2d 843 (1991).

Jenkins' Ground 2 is frivolous. His attorneys' refusal to make a such a meritless argument was reasonable, and Jenkins was not prejudiced because the argument would not have changed the outcome.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking relief under § 2255 has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial

9

of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). Jenkins has not made the requisite showing here and may not have a certificate of appealability on any ground of his Motion.

Accordingly, it is now

**ORDERED:**

Jarquel Jenkins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment against Petitioner and for Respondents, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 13, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record